**No. 20-5246**                                    **September Term, 2020**

**1:20-cv-00867-UNA**

**Filed On:** May 25, 2021

Scott Sattler,

       Appellant

    v.

United States Department of Justice, et al.,

       Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Pillard and Walker, Circuit Judges, and Sentelle, Senior Circuit
           Judge

**J U D G M E N T**

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellant, which includes a motion
to appoint counsel.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED** that the motion for appointment of counsel be denied.  In civil cases,
appellants are not entitled to appointment of counsel when they have not demonstrated
sufficient likelihood of success on the merits.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders entered
June 9, 2020, and July 21, 2020, be affirmed.  Appellant has not shown that the district
court erred in dismissing the case without prejudice for failure to comply with Federal
Rule of Civil Procedure 8(a) and for lack of subject matter jurisdiction.  Appellant's
complaint did not set forth "a short and plain statement of the grounds for the court's
jurisdiction" or "a short and plain statement of the claim showing that the pleader is
entitled to relief."  See Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(A complaint that offers only "labels and conclusions" that are not supported by factual
allegations does not satisfy Rule 8(a)'s pleading requirements.).  Additionally, appellant
failed to plead facts to establish his standing to sue, and "the defect of standing is a

defect in subject matter jurisdiction." <u>Haase v. Sessions</u>, 835 F.2d 902, 906 (D.C. Cir. 1987).  Appellant has failed to establish standing because he has not pled any actual or imminent injury aside from, at best, a generalized grievance.  <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975) ("When the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

Moreover, appellant has failed to present any argument on appeal challenging the district court's denial of his motion to alter or amend the judgment and has therefore forfeited any such argument.  <u>See, e.g.</u>, <u>U.S. ex rel. Totten v. Bombardier Corp.</u>, 380 F.3d 488, 497 (D.C. Cir 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

## <u>Per Curiam</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk